UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; SONGS OF UNIVERSAL, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC, <br><br>Plaintiffs, <br>v. <br><br>KATHY MIRANDA MUND, individually and d/b/a SOUTH BAY LOUNGE; and LEE JOSEPH MUND individually and d/b/a SOUTH BAY LOUNGE, <br><br>Defendants. | Case No. 15CV1365 LAB BLM <br><br>ORDER OF JUDGMENT <br><br>Date:     February 8, 2016 <br>Time:     11:30 a.m. <br>Courtroom: 14A |

After Defendants failed to answer or otherwise defend and default was entered against them, Plaintiffs moved for Default Judgment. The Court ordered them (Docket no. 10) to respond no later than January 25, 2016, but they failed to do so. Specifically, the Court cautioned them that failure to file written opposition would be construed as their consent to the motion's being granted. *See* Civil Local Rule 7.1(f)(3)(c).

The factors the Court must consider before granting default judgment are enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). They are: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Id.*

Here, Defendants are alleged to have infringed Plaintiffs' copyrights by publicly performing copyrighted songs in a lounge Defendants own or operate. It appears Defendants have had ample notice of this action against them, and the Court's order requiring their response was mailed to them. The amount of money at stake for infringements of the five songs the complaint identifies is $10,000, and Plaintiffs also seek $5,747.83 in fees. The complaint appears to state a valid claim for infringement. If judgment is not granted, it appears Plaintiffs will have no recourse, and, what is more, other potential infringers may be emboldened. Having weighed all the factors, the Court concludes default judgment is warranted here.

It is therefore **ORDERED**:

**I.**

Plaintiffs' Motion for Default Judgment against Defendants Kathy Miranda Mund and Lee Joseph Mund is granted, this Court finding that Defendants knowingly and intentionally infringed upon the copyrights of five (5) musical compositions owned and/or licensed by Plaintiffs.

**II.**

Plaintiffs shall recover from Defendants Kathy Miranda Mund and Lee Joseph Mund, jointly and severally, statutory damages in the amount of two thousand dollars ($2,000) for each of the five (5) musical compositions, for a total of $10,000, pursuant to 17 U.S.C. Section 504(c)(1).

/ / /

### III.

Plaintiffs shall recover from Defendants Kathy Miranda Mund and Lee Joseph Mund, jointly and severally, full costs in this action, including reasonable attorney's fees in the amount of $5,747.83, pursuant to 17 U.S.C. Section 505.

### IV.

Plaintiffs shall recover from Defendants Kathy Miranda Mund and Lee Joseph Mund, jointly and severally, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. Section 1961.

### V.

Defendants Kathy Miranda Mund and Lee Joseph Mund, their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

**IT IS SO ORDERED**.

Date:_February 8, 2016

*/s/ Larry A. Burns*

Hon. Larry A. Burns
United States District Judge